In re Helen J. MITCHELL, Debtor.

No. 04–49262–659.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 10, 2005.

---

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

Tracy A. Brown, St. Louis, MO, for Debtor.

Kathryn Allene Klein, St. Louis, MO, for AmeriCredit.

## *ORDER*

KATHY ANN SURRATT-STATES, Bankruptcy Judge.

The matters before the Court are Debtor's Objection to Claim # 3 Filed by AmeriCredit and Response by AmeriCredit Financial Services, Inc. to Debtor's Objection to Claim. A hearing on this matter was held on November 23, 2004, at which Debtor and Creditor appeared by counsel. Subsequent to the hearing, each party submitted written appraisals in support of their respective positions. The pertinent facts are set out below.

Debtor Helen J. Mitchell ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on July 21, 2004. On Debtor's Schedule "D" and in Debtor's Plan, Debtor listed the value of her 2002 Mazda 626 (the "Automobile") at $5,500.00. Prior to Debtor's Section 341 Meeting of Creditors, Creditor AmeriCredit Financial Services, Inc. ("Creditor") filed Claim # 3 in the amount of $11,208.63. Debtor subsequently filed an Objection to Claim # 3 Filed by AmeriCredit on August 19, 2004 ("Debtor's Objection").

Debtor's Section 341 Meeting of Creditors was held and concluded on August 23, 2004. This Court issued an Order sustaining Debtor's Objection on September 14, 2004. Debtor's Chapter 13 Plan was confirmed on September 21, 2004. Creditor subsequently filed a Motion to Vacate Order and Reconsider Debtor's Objection to Claim # 3 Filed by AmeriCredit ("Motion to Vacate") on September 23, 2004, and set

the matter for hearing on October 18, 2004. The Court granted Creditor's Motion to Vacate on October 19, 2004. Creditor thereafter filed a Response to Debtor's Objection on October 25, 2004.

Creditor avers that the fair market value of the Automobile is $10,628.33. Creditor submitted an appraisal listing the fair market value of the Automobile as $10,628.33 to support its contention. Creditor also obtained a repair estimate in the amount of $343.68 to correct minor damage to the Automobile. Furthermore, Creditor contends that Debtor's appraisal is close to the Automobile's liquidation value instead of its fair market value.

Debtor avers that Creditor's Claim should be denied as filed and allowed as a secured claim in the amount of $6,000.00. Debtor states that the Automobile is worth only $6,000.00 since it is in need of a new transmission and a new windshield. Debtor provided no evidence to support the assertion that the Automobile is in need of a new transmission. In addition, Debtor's appraisal notes minor damage to the windshield; however, the appraisal lists that the glass, including the windshield, is in fair condition. Debtor submitted evidence sufficient to establish that the Automobile has minor dents on its doors and rocker panels as well as scratches in the paint throughout most portions of the Automobile. However, Debtor failed to provide the Court with further evidence detailing the amount required to correct these defects. Debtor submitted an appraisal in the amount of $6,000.00 to support her contention. The Court resolves this issue and reaches a conclusion below.

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157, and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

■ The issue is which method of valuation most closely approximates the true value of the Automobile. Commensurate with the holdings in *Associates Commercial Corp. v. Rash*[1] and *In re Trimble*[2], this Court has held that the replacement value of an automobile lies in its retail value as of the date of confirmation. *In re Hill*, 311 B.R. 521, 524 (Bankr.E.D.Mo. 2004). Retail value in this district is determined by L.B.R. 3015–3(J) (2004). Pursuant to L.B.R. 3015–3(J), "the value of such vehicles shall be construed based on the evidence presented in conjunction with the Court's Vehicle Valuation Policy (the 'Policy')". The Policy requires that the value of a vehicle be equal to 95% of the National Automobile Dealers Association (NADA) (Central Edition) (the "NADA Guide") retail value for the first three years of age if neither party presents any conflicting evidence to challenge such value.

■ In the case at bar, Debtor hired a company that typically uses liquidation value as the basis for its valuation and not retail value as required by Policy. This practice is appropriate in Chapter 7 cases where liquidation value is sufficient; however, this is a Chapter 13 case where retail value as opposed to liquidation value must serve as the basis for valuation. Debtor's valuation therefore fails to comport with the NADA Guide as provided for by the Policy, so Debtor failed to properly follow the Policy as set out in the local rules of this District. Consequently, the Court re-

---

1. *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997).

2. *In re Trimble,* 50 F.3d 530 (8th Cir.1995).

jects Debtor's valuation of the Automobile as erroneous since Debtor purports to use a liquidation value of $6,000.00 as its valuation of the Automobile.

 However, the Court finds Creditor's appraisal of $10,628.33 persuasive but not conclusive and will therefore apply the Policy to the facts in this case. Debtor's Chapter 13 Plan was confirmed on September 21, 2004, so use of the September 2004 edition of the NADA Guide is appropriate to determine the retail value of the Automobile. Applying the procedure set forth in the Policy, the NADA Guide's base retail value of the Automobile in its current condition is $10,500.00. The Automobile has aluminum alloy wheels; therefore, the NADA Guide suggests that $300.00 be added to the base value, which adjusts the retail value up from $10,500.00 to $10,800.00.

There was approximately 40,743 miles on the Automobile on September 7, 2004, which is the date Creditor conducted its appraisal. The Court finds this date determinative in approximating the true mileage of the Automobile at confirmation, since Creditor's appraisal was conducted close to the confirmation date.[3] The NADA Guide allows the retail value to be adjusted to reflect unusually high or low mileage. However, the Automobile has mileage less than 45,000 miles, so the NADA Guide does not provide for an adjustment to retail value based on the Automobile's age, make, and model. The mileage on the Automobile has therefore been incorporated into its retail value. Therefore, the retail value of the Automobile is $10,800.00.

The Policy thereafter requires vehicle value to equal 95% of the retail value given in the NADA Guide if the vehicle is less than three years old. The Automobile is less than three years old and its retail value is $10,800.00. The Automobile's value is therefore adjusted down from $10,800.00 to $10,260.00 which reflects 95% of the NADA Guide's retail value pursuant to the Policy. Furthermore, there is sufficient evidence in Creditor's appraisal estimating a cost of $343.68 to correct minor damage to the Automobile. This evidence may be used to reduce the Automobile's value by the cost needed to repair deficiencies in the Automobile. The difference between $10,260.00 and $343.68 equals $9,916.32. Therefore,

**IT IS ORDERED THAT** Debtor's Objection to Claim # 3 Filed by AmeriCredit is SUSTAINED, IN PART, in that Claim # 3 is allowed as a secured claim in the amount of $9,916.32 and an unsecured claim in the amount of $1,292.31.

---

3. Debtor's appraisal was conducted on November 12, 2004.