**In re Veronica Lynn LLOYD, Debtor.**

**No. 03–55683–659.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 17, 2006.

James R. Brown, Castle Law Office of St. Louis, St. Louis, MO, for debtor.

### ORDER

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Debtor's Motion for Redemption Pursuant to 11 U.S.C. § 722 ("Motion for Redemption") and Creditor's Response to Debtor's Motion for Redemption ("Creditor's Response"). A hearing on this matter was

held on November 28, 2005, where both parties appeared by counsel. The Court thereafter took the matter as submitted. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACTS:

Veronica Lloyd ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on November 19, 2003. John V. LaBarge, Jr. was the duly appointed Chapter 13 Trustee. Debtor filed a Motion to Convert her case from a Chapter 13 to Chapter 7 on July 29, 2005. This Court issued an order granting Debtor's Motion to Convert on August 2, 2005. Trustee Robert J. Blackwell is the duly appointed Chapter 7 Trustee ("Trustee").

Debtor owns a Pontiac Grand Am ("the Vehicle") secured by a lien held by General Motors Acceptance Corporation ("Creditor"). There is confusion as to the model of the Vehicle since the Motion for Redemption indicates that the Vehicle is a 2003 model while Debtor's appraisal indicates that the Vehicle is a 2002 model. Creditor's Response admits as fact that the Vehicle is a 2003 model. As there is no dispute between the parties, the Court will use the 2003 model as the accepted model of the Vehicle since Creditor's Response stipulates as such. The Court rejects Debtor's initial appraisal filed with the Motion for Redemption since it cannot determine whether it is based upon the appropriate vehicle model. Debtor submitted a second appraisal to the Court at the hearing that reflects the appropriate vehicle model and condition. The Court accepts Debtor's second appraisal.

The Vehicle is in fair condition with minor scratches and a broken right mirror. Creditor's damage appraisal indicates that the aforementioned defects can

be corrected on the Vehicle for $1,622.39. The Vehicle also had 28,282 miles on the hearing date. Debtor filed the Motion to Redeem on August 26, 2005, seeking to redeem the Vehicle under 11 U.S.C. § 722. The parties agree that the Vehicle is tangible personal property intended primarily for personal, family, or household use. The parties further agree that the Vehicle is secured to the extent of the allowed secured claim of Creditor. Trustee abandoned the Bankruptcy Estate's interest in the Vehicle.

It is Debtor's contention that the Vehicle is worth no more than $5,450.00, which is based on the liquidation value of the Vehicle. In addition, Debtor is prepared to pay Creditor the aforementioned liquidation value in one lump sum. Creditor disputes Debtor's valuation of the Vehicle and argues that the correct value of the Vehicle is $7,700.00.[1] The Court carefully weighs the merits of each argument and reaches a decision below.

### JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2005), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) (2005). Venue is proper under 28 U.S.C. § 1409(a) (2005).

### CONCLUSIONS OF LAW

Section 722 of the Bankruptcy Code provides that "[a]n individual debtor may...redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such proper-

---

**1.** Creditor's valuation is based on the N.A.D.A. Official Used Car Guide Vehicle Summary submitted at the hearing and re- flects the Vehicle's loan value as referenced by the N.A.D.A., Central Edition, (November 2005).

ty is exempted under section 522 of this title or has been abandoned under section 544 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." 11 U.S.C. § 722 (2005).

"The phrase 'allowed secured claim' appears in several provisions of the Bankruptcy Code, and is generally understood as meaning the claim resulted from bifurcation under § 506(a).[2]" *In re Tripplett,* 256 B.R. 594, 596 (Bankr.N.D.Ill.2000). Bifurcation is generally understood to mean that a creditor has an allowed secured claim to the extent the collateral covers the amount of its claim. *See In re Podnar,* 307 B.R. 667, 669 (Bankr.W.D.Mo. 2003).

■ The legislative history of Section 722 indicates that creditors are entitled to payment of an amount equal to the value of the property obtained by the creditor upon resale of the vehicle.[3] There is only one reported case [4] that holds that replacement value, and by extension, retail value is the appropriate standard under Section 722. A majority of courts that have wrestled with redemption value have interpreted the legislative history of Section 722 to mean liquidation or wholesale value.[5]

Consequently, this Court adopts the majority rule that redemption value under Section 722 is tantamount to the wholesale value of a vehicle.

■ " '[T]he date that the debtor files a motion to redeem property . . . is the appropriate date for determining the value of collateral.' '[I]f the redemption is contested, the date of the hearing is appropriate because that date most closely approximates the time frame during which a secured creditor could repossess and sell the collateral after a debtor's bankruptcy filing.' " *Id.* at 672–73.

Here, Creditor is entitled to only the redemption value of the Vehicle, which is reflected by the Vehicle's liquidation value. The legislative intent on this matter is persuasive and a majority of our sister courts are in agreement. Furthermore, the starting point for valuation of the Vehicle is the date of the hearing since Creditor contested Debtor's valuation of the vehicle. Therefore, the liquidation value of the vehicle is measured as of November 2005 to reflect the date that this matter was heard.

The remaining issue is the actual liquidation value of the Vehicle. Debtor's sec-

**2.** "[a]n allowed claim . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property . . ." 11 U.S.C. § 506(a) (2005).

**3.** "The provision amounts to a right of first refusal for the debtor in consumer goods that might otherwise be repossessed. The right of redemption under this section is not waivable." H. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 380, 381, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6337.

**4.** *See In re Smith,* 307 B.R. 912, 921 (Bankr. N.D.Ill.2004) (replacement value or retail value is the standard mandated by *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997)).

**5.** *See In re Bryan,* 318 B.R. 708, 710 (Bankr. W.D.Mo.2004); *In re Martens–Neal,* 314 B.R. 198, (Bankr.N.D.Iowa 2004); *In re Podnar,* 307 B.R. 667, 674 (Bankr.W.D.Mo.2003); In re Barse, 301 B.R. 404, 408 (Bankr.W.D.N.Y. 2003); *Triad Financial Corp. v. Weathington* (*In re Weathington*), 254 B.R. 895, 900 (6th Cir. BAP 2000); *In re Tripplett,* 256 B.R. 594, 598 (Bankr.N.D.Ill.2000).

ond appraisal indicates that the Vehicle is worth $5,495.00. However, Debtor's second appraisal of the Vehicle is flawed as to the appropriate date and method of valuation. First, Debtor failed to measure the Vehicle's liquidation value from the date of the hearing for the reasons discussed *infra*. Second, in actions where debtors file motions for the redemption of motor vehicles, courts typically use the National Automobile Dealer's Association Guide (the "NADA Guide"), unless the car is in poor condition.[6]

 This Court is in accord with the approach taken by its sister courts on this issue and adopts the NADA Guide's method of valuation, unless a vehicle is in poor condition, since it comports with the Court's own local rules that cite the NADA Guide for "cramdown" purposes in Chapter 13 cases. *See generally, In re Mitchell*, 320 B.R. 687, 689 (Bankr.E.D.Mo. 2005). The Vehicle in the case at bar is in fair condition on the evidence submitted by Debtor and Creditor, so the NADA Guide will be used to calculate the Vehicle's Liquidation value.

Creditor provided evidence at the hearing to support its claim that the value of the Vehicle equals $7,700.00. Creditor's valuation was taken on November 23, 2005, and is based upon the loan value in the NADA Guide. This loan value is the projected amount of credit that may be obtained on a vehicle based on its trade in value.[7] The loan value is also less than either the trade in or retail value of a vehicle. However, Creditor failed to deduct the amount necessary to repair the body damage to the Vehicle. The NADA Guide requires that adjustments be made

for such defects.[8] Creditor's damage appraisal indicates that the cost to repair the vehicle equals $1,622.39. Thus, Creditor's initial valuation of $7,700.00 will be reduced by the amount of the damage appraisal of $1,622.39 to $6,077.61 to reflect this adjustment. Consequently, the Court finds that Creditor's appraisal and the appropriate adjustments constitute the appropriate liquidation value of the Vehicle under the NADA Guide. Therefore,

**IT IS ORDERED THAT** Debtor's Motion for Redemption is GRANTED and Debtor may redeem the Vehicle for a lump sum payment of $6,077.61.

---

6. *See In re Martens–Neal,* 314 B.R. at 199; and *In re Bryan,* 318 B.R. at 712.

7. p. VIII, N.A.D.A. Guide, Central Edition, (November 2005)

